UNITED STATES of America, Plaintiff-Appellee,

v.

WILSON WILLIAMS, INC. and Jack Elliott, Defendants-Appellants.

No. 275, Docket 25983.

United States Court of Appeals Second Circuit.

Argued April 13, 1960.

Decided April 27, 1960.

**536**

Myron J. Wiess, Asst. U. S. Atty., New York City (S. Hazard Gillespie, Jr., U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Milton A. Bass, New York City (Bass & Friend, New York City, on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, SWAN and CLARK, Circuit Judges.

PER CURIAM.

The single question presented by this appeal is whether the district court properly exercised its discretion in enjoining, *pendente lite*, Wilson Williams, Inc. and its president, Jack Elliott, from distributing in interstate commerce a drug called R.X.–120 accompanied by any written, printed or graphic matter representing that the drug is capable of causing loss of weight without special diet, and other representations which the government claimed to be false. We find ample support for Judge Murphy's deci-

sion and, accordingly, we affirm the order.

The government brought suit under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 332(a) alleging that the defendants were distributing in interstate commerce a drug, R.X.–120, which was misbranded in that literature advertising the drug and accompanying the drug contains statements which are "false, misleading and contrary to fact." The complaint also alleged that over ten million R.X.–120 tablets had been ordered by the defendants for distribution in interstate commerce.

The proof on the government's application for a preliminary injunction overwhelmingly established the government's claims. The printed matter sent through the mails and with the R.X.–120 tablets would lead readers to believe that without any special diet they could lose many pounds in a few days—"9 pounds in 10 days! * * * 18 pounds in 20 days! * * * 27 pounds in 30 days! * * * up to 49 pounds in 8 weeks!" The literature further claimed that the tablets had been released as safe by the United States Government; that until recently the drug could not be purchased without a doctor's prescription; that the drug is a new wonder drug and has received the most extensive clinical testing ever devoted to any drug; and that the drug depresses the appetite and decreases the desire for food. The affidavits of the government's medical experts asserted that the drug does not possess significant appetite depressing properties. That the claims made by the defendants are false and exaggerated is the only conclusion which could be drawn from all the affidavits before the district court. From the record before the district court it was reasonable to conclude that there was every probability that the government would prevail at the trial.

The literature which accompanied the drug constituted a misbranding within the meaning of 21 U.S.C.A. §§ 321 and 352(a). As it also appeared that the defendants had limited resources and might well not be in a position to refund.

$14 to each purchaser, as promised if the drug did not accomplish the advertised weight loss, it cannot seriously be questioned that it was a proper exercise of discretion for the district court to enjoin the defendants prior to a plenary trial of the issues. Joshua Meier Company, Inc. v. Albany Novelty Manufacturing Co., 2 Cir. 1956, 236 F.2d 144.

The order is affirmed.